———o———

No. 6164.

## MARTIN SHEPARD vs. CHARLES M. HERO.

### Syllabus.

Where one party to a contract insists upon carrying it out in an unlawful manner, it is an active breach of the contract, entitling the other party to sue at once for the profits he would have earned thereunder.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D," No. 103,772. Hon. Porter Parker, Judge.

F. McGloin, Teissier & Teissier, for plaintiff and appellant.

F. Rivers Richardson, for defendant and appellee.

— 340 —

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff alleges that he was engaged by defendant to plan and supervise the erection of a building, for which he was to receive as compensation, 8% of the cost of construction. That defendant, over plaintiff's protest, made certain changes in the plans and undertook to do, and did do, certain things in violation of the building laws and regulations.

Whereupon plaintiff declined to supervise the further progress of the work, and now brings this suit for the full amount of the compensation fixed by the contract.

When defendant undertook to violate the law, and in spite of plaintiff's protest still persisted in doing so, this was an active breach of the contract, because "it was inconsistent with his obligation" to permit plaintiff to execute his part of the contract in a lawful manner. C. C., 1931.

From the moment of that breach plaintiff was entitled to damages. C. C., 1932. And his damages are "the profit of which he has been deprived." C. C., 1934.

As it is precisely this profit that plaintiff is suing for, we do not see how his petition fails to state a cause of action.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that defendant's exception of no cause of action be overruled and the case remanded to the Court a qua to be proceeded with according to law; defendant to pay the costs of this appeal.

Judgment reversed.

Opinion and decree, June 15th, 1914.

Rehearing refused, June 30th, 1914.